UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MOSHE AZOULAY,

    Plaintiff,

v.   Case No: 8:22-cv-646-CEH-AAS

C.A.C. TRANSPORTATION AND
EXPORT LLC and HECTOR
ANDRES ARANCIBIA BRIONES,

    Defendants.

_____

**ORDER**

This cause comes before the Court *sua sponte*. Plaintiff, Moshe Azoulay, sues Defendants, C.A.C. Transportation and Export LLC and Hector Andres Arancibia Briones, for allegedly breaching a contract for the sale of construction equipment that Defendants agreed to sell to Plaintiff. Doc. 1. Azoulay, who is proceeding *pro se*, files a single-count Complaint against Defendants alleging "intentional breach of contract." *Id.* Plaintiff alleges Defendants are in Miami and asserts that "[j]urisdiction is proper in the Southern District of Florida." *Id.* at 12. Based on Plaintiff's allegations, the Court will transfer this case to the Southern District of Florida.

**DISCUSSION**

Plaintiff initiated this action March 21, 2022, by filing a Complaint against Defendants. Doc. 1. Plaintiff alleges Defendants reside and do business in Miami. *Id.* at 5, 9. Plaintiff entered into an agreement to buy multiples pieces of construction

equipment and other products from Defendants. *Id.* at 9. Defendants accepted Plaintiff's $5,000 deposit toward the purchase price of the equipment, but never delivered the equipment. *Id.* at 10. Plaintiff alleges Defendants entered into agreements with clients to defraud them by false advertising, misleading, misrepresentation, and stealing consumer's deposits toward the purchase of machinery, equipment, and other goods. *Id.* at 9. Plaintiff further alleges multiple individuals have filed police reports in Miami against Defendants for similar fake business deals and other fraudulent conduct. *Id.* at 10–11. Plaintiff asserts that venue is proper in the Southern District of Florida because all the acts of which Plaintiff complains occurred in the Southern District. *Id.* at 11.

> Venue is governed by 28 U.S.C. § 1391, which provides in pertinent part:
>
> A civil action may be brought in--
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

When an action is brought in the wrong venue, a court "shall dismiss [it], or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

In pertinent part, section 1391(b) provides that venue is proper in the district where all the defendants reside, or in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). Since Defendants reside in the Southern District of Florida and Plaintiff alleges that all acts complained of occurred in the Southern District, venue is proper in the Southern District. The Court will transfer this action to the Southern District of Florida. Accordingly, it is

**ORDERED**

1. This action is **TRANSFERRED** to the United States District Court for the Southern District of Florida.

2. The Clerk is directed to **TRANSFER** this case to the United States District Court for the Southern District of Florida for all further proceedings and **CLOSE** this file.

**DONE AND ORDERED** in Tampa, Florida on April 7, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Moshe Azoulay, *pro se*
Counsel of Record